

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL.

Honorable Homer Thornberry
District Attorney
Austin, Texas

Dear Sir:

Opinion No. O-3115
Re: Does the District Attorney
of the 53rd Judicial Dis-
trict have authority to
appoint an investigator
and a stenographer by
virtue of Sec. 4 of Art.
362n, V.A.C.S., or is
that authority vested
only in the commissioners'
court, and other questions.

Your recent request for an opinion of this depart-
ment upon the questions as are herein stated has been received.

Your letter reads, in part, as follows:

"Article 326n, as the act is found in
Vernon's Texas Statutes, provides for the of-
fice of the district attorney of the 53rd
Judicial District, his salary, and for the
appointment of an assistant district attorney
and his salary; in addition this article in
section 4 provides for the appointment of an
investigator and a stenographer by the Com-
missioners' Court of the county which such
district attorney serves. Article 326k-7,
as found in Vernon's Texas Statutes, provides
for the appointment of an additional assistant
district attorney.

"* * *.

"I respectfully ask an opinion from your
office in answer to the following questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I.  Does the District Attorney of the
53rd Judicial District have authority to ap-
point an investigator and a stenographer by
virtue of section 4 of Article 326n or is
that authority vested only in the Commis-
sioners' Court?

"II.  Does the District Attorney of the
53rd Judicial District Court have authority
as a 'district officer' under Article 3902,
above referred to, to make application to
the Commissioners' Court of Travis County
for needed 'deputies, assistants or clerks?'

"III.  If Article 3902 does apply to
the District Attorney as a 'district officer',
then could the District Attorney of the 53rd
Judicial District proceed under Article 3902
and ignore the provisions of section 4 of
Article 326n?"

Article 326n, Vernon's Annotated Civil Statutes, reads
as follows:

"Sec. 1.  That District Attorneys in all
Judicial Districts composed of only one county,
in which county there are two or more District
Courts with concurrent criminal jurisdiction,
and which District Courts have exclusive
jurisdiction of all prosecutions for failing
or refusing to pay over money belonging to the
State under Chapter Two (2) of Title Four (4)
of the Penal Code of 1925, and which District
Courts further have concurrent jurisdiction
with all District Courts in Texas in prosecu-
tions involving the forging and uttering,
using or passing of forged instruments in
writing which concern or affect the title to
land in this State, under Chapter Two (2) of
Title Four (4) of the Code of Criminal Pro-
cedure of 1925, shall hereafter receive from
the State as pay for their services the sum
of Five Hundred Dollars ($500.00) per annum,
as provided by the Constitution, and in ad-
dition thereto shall receive the sum of Three
Thousand Five Hundred Dollars ($3,500.00) per

Honorable Homer Thornberry, Page 3

annum, said salary to be paid in monthly
installments in the same manner as now pro-
vided for the payment of the Five Hundred
Dollars ($500.00) fixed by the Constitution.
All commissions and fees allowed District
Attorneys by law, shall, when collected, be
paid to the District Clerk of such counties,
who shall pay the same over to the State
Treasurer.

"Sec. 2. That in such Judicial Districts
the District Attorney, with the consent of
either of the District Judges, is hereby au-
thorized to appoint one assistant District
Attorney, who shall receive as salary Three
Thousand Dollars ($3,000.00) per annum paya-
ble by the state monthly.

"Sec. 3. That said Assistant District
Attorney shall have all of the qualifications
that are now required by law of District At-
torneys, shall take an oath of office before
one of the District Judges of such District,
shall be subject to removal at the will of
the District Attorney, and under the direc-
tion of the District Attorney, shall be au-
thorized to perform any official act devolving
upon or authorized to be performed by the Dis-
trict Attorney.

"Sec. 4. That in such Judicial Districts
the Commissioners' Court is hereby authorized
to appoint, at their discretion, an investigator,
who shall receive a salary of not to exceed
Twenty-Four Hundred Dollars ($2,400.00) per
annum, and a stenographer who shall receive a
salary of not to exceed Eighteen Hundred Dol-
lars ($1,800.00) per annum, said salaries to be
paid monthly by the county comprising such
judicial district, by warrant drawn upon the
general funds thereof. Said investigator shall
have authority to make arrests and execute all
process in criminal cases."

Article 326k-7, Vernon's Annotated Civil Statutes,
amends Section 2 of Article 326n, supra, and provides as fol-
lows:

Honorable Homer Thornberry, Page 4

"Section 1. That the District Attorney of the 53rd Judicial District of Texas is authorized to appoint an Assistant District Attorney in addition to that authorized by Section 2 of Article 326n, as carried forward in Vernon's Civil Statutes of the State of Texas, under Acts of 1931, Forty-second Legislature, page 744, Chapter 291.

"Sec. 2. The Assistant District Attorney provided for in Section 1 shall be a duly licensed attorney at law and a bona fide resident of Travis County and shall possess all the qualifications that are now required by law of the District Attorney of the 53rd Judicial District of the State of Texas; shall take the oath of office; shall be subject to removal by the will of the District Attorney; shall be authorized to perform any official act devolving upon or authorized to be performed by the District Attorney, and under such directions of the District Attorney, shall represent the District Attorney in matters pending before the 53rd, 98th and 126th District Courts of Travis County; that said Assistant District Attorney shall receive a salary of Three Thousand ($3,000.00) Dollars per annum, payable by the State monthly. After the end of the biennium closing August 31, 1937, such Assistant District Attorney shall receive such salary as may be provided for by the appropriation bill. For the purpose of paying such salary, there is hereby appropriated out of the General Revenue Fund of the State of Texas not otherwise appropriated the sum of Three Thousand ($3,000.00) Dollars for each of the fiscal years beginning September 1st, 1935 and September 1st, 1936. There is also hereby appropriated out of the General Revenue Fund of the State of Texas not otherwise appropriated the sum of Two Hundred Fifty ($250.00) Dollars per month from the effective date of this Act until September 1st, 1935 when the appropriation above made becomes effective."

Article 3886f, Vernon's Annotated Civil Statutes, reads as follows:

"Section 1. From and after January 1, 1936, in all Judicial Districts in this State the District Attorney in each such District shall receive from the State as pay for his services the sum of Four Thousand Dollars ($4,000) per year, which said Four Thousand Dollars ($4,000) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State; providing that in all Judicial Districts in this State composed of two (2) or more counties in one (1) of which such counties there is a city containing the population of not less than ninety thousand (90,000) inhabitants according to the last preceding Federal Census, the District Attorney of such District shall receive from the State as pay for his services the sum of Five Thousand Five Hundred Dollars ($5,500) per year, which said Five Thousand Five Hundred Dollars ($5,500) shall include the Five Hundred Dollars ($500) salary per year now allowed suhh District Attorneys by the Constitution of this State. Such salary shall be paid in twelve (12) equal monthly installments upon warrants drawn by the Comptroller of Public Accounts upon the State Treasury. Provided that nothing in this Act shall be construed so as to deprive District Attorneys of the expense allowance allowed or which may hereafter be allowed by law.

"Sec. 2. All monies heretofore appropriated by the Legislature to pay fees, salaries and per diem accounts of the officers named in this Act are hereby reappropriated for the purpose of paying the salaries fixed by this Act.

"Sec. 3. All fees, commissions and perquisites which may be earned and collected by District Attorneys affected by this Act shall be paid into the County Treasury of the counties in which such fees are earned for the account of the proper fund.

"Sec. 4. Nothing in this Act shall be construed to repeal or in any manner affect any law

Honorable Homer Thornberry, Page 6

now in existence with reference to Assistant
District Attorneys, Investigators or Stenog-
raphers in Judicial Districts included in
this Act.

"Sec. 5. Nothing in this Act shall affect
Criminal District Attorneys whose district is
composed of only one (1) county."

Article 326n, supra, was enacted by the 42nd Legisla-
ture in 1931, and Article 3886f, supra, was enacted by the 44th
Legislature, 2nd Called Session, 1935. With reference to the
compensation of the District Attorney here involved, it will be
noted that the last enactment by the Legislature does not ex-
pressly repeal Article 326n, supra, however, the two statutes
under consideration, herein, are in pari materia and their pro-
visions in such respect cannot be reconciled. In such circum-
stances, the older statute will be held to be repealed by im-
plication to the extent of the conflict. It is presumed that
the Legislature intended to repeal all laws and parts of laws
clearly inconsistent with its latter acts. 39 Tex. Jur. 147,
§ 77.

As stated in the case of Townsend vs. Terrell, 16 S.
W. (2d) 1063:

"* * *. It is well settled that repeals by
implication are not favored, and that all acts
and parts of acts in pari materia are to be con-
strued as a whole and interpreted in such manner
as that all may stand where such may reasonably
be done. It is only where acts are so incon-
sistent as to be irreconcilable that a repeal
by implication will be indulged. If there exists
such conflict, then there is a presumption of the
intention to repeal all laws and parts of laws in
conflict with the clear intention of the last act.
This is necessarily true where both acts cannot
stand as valid enactments.

"This rule of construction has found frequent
and apt illustrations where one of the supposedly
conflicting statutes was general in its terms and
the other specific. In such a case it is universal-
ly held that the specific statute more clearly
evidences the intention of the Legislature than
the general one; and there from that it will control.

                                                499

In such a case both statutes are permitted to
stand the general one applicable to all cases
except the particular one embraced in the
specific statute. * * *."

Article 3902, Vernon's Annotated Civil Statutes, is
a general statute providing for the appointment of deputies,
assistants, or clerks by a District, County or Precinct Of-
ficer.  Article 326m and Article 326k-7, Vernon's Annotated
Civil Statutes, are specific statutes regarding the District
Attorney of the 53rd Judicial District providing for the ap-
pointment of an assistant District Attorney, an investigator
and stenographer.  We think that in this specific case that
the specific statutes more clearly evidence the intention of
the Legislature than the general one, and therefore that they
will control.

In view of the foregoing authorities you are respect-
fully advised that it is the opinion of this department that
the District Attorney of the 53rd Judicial District does not
have the authority to appoint an investigator and a stenog-
rapher by virtue of Section 4 of Article 326m, supra, but such
authority is vested only in the commissioners' court.

Your second and third questions are answered in the
negative.

Trusting that the foregoing fully answers your in-
quiry, we are

APPROVED MAR 8, 1941

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:RS

